UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                            Case Nos.   3:09cr4/MCR/CJK
                                                          3:14cv660/MCR/CJK

JOHNNY LEE OLDS
_____/

REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's pleading titled "Second in Time Non-Successive 2255 Motion Pursuant to *Panetti v. Quartermax*, 551 U.S. 930 (2007)." (Doc. 54). Defendant's motion is not on the proper form for use in section 2255 cases in this district. The court will not require him to amend, however, because the motion is subject to immediate dismissal. Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review of the record, it is the opinion of the undersigned that the motion is untimely and that it should be summarily dismissed.

BACKGROUND and ANALYSIS

On February 27, 2009, Defendant pleaded guilty pursuant to a written plea agreement to a single count indictment charging him with possession of a firearm by

a convicted felon. (Docs. 21–23). Defendant's motion for a psychiatric exam was granted, and the Bureau of Prisons provided a copy of the an evaluation to the court. (Docs. 25, 26, 28). In November of 2009, the court conducted a competency hearing, following which it sentenced Defendant to a term of 210 months imprisonment. (Docs. 31–33). Defense counsel filed an *Anders* brief on appeal, and the Eleventh Circuit affirmed Defendant's conviction and sentence, finding no arguable issues of merit. (Doc. 52). The record reflects no entries from December of 2010 until December 5, 2014, when the clerk received and docketed the instant motion to vacate.[1] The court notes that despite Defendant's arguments that the instant motion should not be construed as "successive," this is undisputably the first § 2255 motion recorded in this case.

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. The Eleventh Circuit entered its opinion affirming Defendant's convictions and sentences on November 19, 2010. (Doc. 52). There is nothing in the

---

[1] The motion itself does not include a date, but the envelope in which it was mailed bears a date stamp reflecting November 28, 2014 (doc. 54 at 8).

record that would indicate that Defendant filed a petition for certiorari with the United States Supreme Court, and as such his judgment of conviction became final on the date on which his time for filing such a petition expired (i.e., ninety days after the entry of the court of appeals' judgment).[2] *Clay v. United States*, 537 U.S. 522, 525 (2003); *Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir. 2002); *Hill v. United States*, 444 F. App'x 419 (11th Cir. 2011). Because Defendant's judgment of conviction became final on February 17, 2011, to have been timely filed, his § 2255 motion had to be filed no later than February 17, 2012. The envelope containing Defendant's motion bore a date stamp of November 28, 2014. (Doc. 54 at 8). Therefore, Defendant's motion is facially untimely.

Unless Defendant establishes his entitlement to equitable tolling, his motion is time barred. *Jones v. United States*, 304 F.3d 1035, 1038 (11th Cir. 2002) (citing *Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000)). Equitable tolling is appropriate when a § 2255 motion is untimely because of "extraordinary circumstances that are both beyond [the defendant's] control and unavoidable even with diligence." *Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)). Otherwise stated, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted); *Hutchinson v. Florida*, 677 F.3d 1097, 1100 (11th Cir. 2012). It only applies in "truly

---

[2] The issuance of the mandate, on April 21, 2011 (*see* doc. 137), has no bearing on when the time expires for filing a petition for certiorari. *Clay v. United States*, 537 U.S. 522, 525 (2008).

extraordinary circumstances." *Johnson*, 340 F.3d at 1226 (citing *Jones*, 304 F.3d at 1039–40; *Drew*, 297 F.3d at 1286). The onus is on the moving defendant to show that he is entitled to this extraordinary relief. *Johnson*, 340 F.3d at 1226, *Jones*, 304 F.3d at 1040. The court will not relieve a petitioner who has sat upon his rights. *United States v. Cicero*, 214 F.3d 199, 203 (D.C. Cir. 2000) (citing *Coleman v. Johnson*, 184 F.3d 398, 402-03 (5th Cir. 1999)). Defendant does not acknowledge the facial untimeliness in his motion in any way, instead repeatedly arguing that his motion should not be restricted by the bar on second or successive motions. There is nothing in Defendant's submission from which the court can determine that Defendant intends to, or should be entitled to, rely on the doctrine of equitable tolling. Thus, Defendant's motion should be summarily denied as untimely.[3]

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

---

[3]Without the need for significant discussion, the court also notes that although the bar on second or successive motions is not absolute, as a general rule, this court does not have the jurisdiction to consider such a motion without an order from the Eleventh Circuit authorizing it to do so. 28 U.S.C. § 2244(b)(3) and § 2255(h); *Felker v. Turpin*, 518 U.S. 651 (1996); *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005); *Carter v. United States*, 405 Fed. App'x 409 (11th Cir. 2010). Defendant has not previously filed a § 2255 motion, but if he had, authorization from the Eleventh Circuit would be required in this case.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.    The motion to vacate, set aside, or correct sentence (doc. 54) be summarily **DENIED and DISMISSED** as untimely.

2.    A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 11th day of December, 2014.


/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).