IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                                         Case Nos.:   3:09cr4/MCR/EMT
                                                                                    3:16cv276/MCR/EMT
JOHNNY LEE OLDS

_____

# REPORT AND RECOMMENDATION

This matter is before the court upon a "Motion to Correct Sentence Under 28 U.S.C. § 2255" and memorandum in support thereof filed by Johnny Lee Olds, through counsel (ECF Nos. 63, 64). The Government filed a response (ECF No. 65), and Mr. Olds filed a reply (ECF No. 68). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After a review of the record and the arguments presented, the undersigned finds that no evidentiary hearing is required and recommends that the § 2255 motion be dismissed for lack of jurisdiction under 28 U.S.C. § 2255(h) because Mr. Olds has not satisfied the gateway requirements to proceed under this section. *See* Rules 8(a) and (b), Rules Governing Section 2255 Cases.

PROCEDURAL BACKGROUND

On January 20, 2009, a grand jury charged Johnny Lee Olds in a single-count indictment with possession of a firearm by a convicted felon in violation of §§ 922(g)(1) and 924(e) (ECF No. 1).  Mr. Olds entered a guilty plea on February 27, 2009, pursuant to a written plea agreement (ECF Nos. 20–23).

The Presentence Investigation Report ("PSR") determined that Mr. Olds' total offense level, calculated under Chapter Two of the guidelines, was 23 (ECF No. 38, PSR ¶¶ 17–24).  Mr. Olds' base offense level was 24 pursuant to § 2K2.1(a)(2) because he had committed the instant offense after sustaining at least two felony convictions of either a crime of violence or a controlled substance offense (PSR ¶ 17).  The three convictions were identified as attempted robbery (PSR ¶ 32); selling, manufacturing or delivering cocaine (PSR ¶ 36); and aggravated battery on a pregnant person (PSR ¶ 47).  The probation officer further determined that Mr. Olds qualified as an Armed Career Criminal under 18 U.S.C. § 924(e) (PSR ¶ 25).  The qualifying ACC convictions were not specifically enumerated in the paragraph assessing the Chapter Four enhancement, but they were presumably the same as those identified with respect to the Chapter Two calculations (PSR ¶¶ 17, 25).  The ACCA enhancement exposed Mr. Olds to an enhanced minimum mandatory term of

fifteen years to life imprisonment, as well as the enhanced guidelines range set forth in U.S.S.G. § 4B1.4. As a result of the Chapter Four designation, the PSR calculated Mr. Olds' total offense level, after the acceptance of responsibility adjustment, as 30 (PSR ¶ 25). His criminal history category was VI based on his thirty-four (34) criminal history points, irrespective of his ACCA designation (PSR ¶ 51). The applicable advisory guidelines range, adjusted for the statutory minimum mandatory sentence, was 180 to 210 months' imprisonment (PSR ¶ 84). On November 23, 2009, at a joint competency and sentencing hearing, the court sentenced Mr. Olds to a term of 210 months' imprisonment (ECF Nos. 31–33, 45). The court mentioned the Chapter Four enhancement, but there was no discussion of the offenses supporting it (ECF No. 45 at 4).

Mr. Olds appealed, and counsel moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967) (ECF No. 52). The Eleventh Circuit granted the motion to withdraw after its independent examination of the entire record revealed "no arguable issues of merit" (ECF No. 52 at 4). Petitioner's conviction and sentence were affirmed (*id*.).

In December of 2014, Mr. Olds filed a motion to vacate set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 54). The motion was labeled

"Second in Time, Non-Successive 2255 Motion Pursuant to *Panetti v. Quartermax*, 551 U.S. 930 (2007)," although it was his first § 2255 motion (ECF No. 54). The court summarily denied and dismissed the motion as untimely (ECF Nos. 55–60).

In 2015, Mr. Olds requested leave from the Eleventh Circuit to file a successive § 2255 motion based on *Johnson v. United States*, 135 S. Ct. 2551 (2015) (ECF No. 61). In November of 2015, the appellate court denied the motion because *Johnson* had not yet been made retroactive on collateral review (ECF No. 61 at 3–4).

In May of 2016, the Eleventh Circuit granted Mr. Olds' request for leave to file a successive motion to vacate his sentence based on *Johnson*'s invalidation of the ACCA's residual clause (ECF No. 62). The court's order identified the three predicate offenses upon which Mr. Olds' ACCA-enhanced sentence was based as follows: attempted robbery; sale, manufacture or delivery of cocaine; and aggravated battery on a pregnant person (the court also noted a prior conviction for burglary) (ECF No. 62 at 4.) The court stated that Olds had presented a *prima facie* case that his sentence was no longer valid (*id*., *citations omitted*). However, the threshold determination that Mr. Olds had made a *prima facie* showing that he had met the statutory criteria of § 2255(h) does not conclusively resolve the question of whether

he is entitled to a merits review of his claim (*id*. at 4). Rather, the district court is required to make a de novo determination that the § 2255(h) requirements are met, without any deference to the Court of Appeals' determination (*id.* at 5).

In June of 2016, Mr. Olds filed the instant motion claiming he is entitled to sentencing relief pursuant to *Johnson* because he no longer has three ACCA-qualifying prior convictions under the "enumerated offenses" clause or the "elements clause" (ECF No. 63 at 2). The Government opposes the motion.

ANALYSIS

Pursuant to the Armed Career Criminal Act (ACCA), a person who has three previous convictions for a violent felony, a serious drug offense, or both, is subject to a mandatory minimum fifteen-year sentence. 18 U.S.C. § 924(e)(1). The statutory definition of a violent felony under the ACCA is an offense that either "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another [known as the elements clause] or (ii) is burglary, arson, or extortion, involves the use of explosives [known as the enumerated offenses clause] or otherwise involves conduct that presents a serious potential risk of physical injury to another [known as the residual clause]." 18 U.S.C. § 924(e)(2)(B)(i) and (ii).

Page **6** of **20**

An individual subject to ACCA's enhanced penalties also is subject to a greater guidelines range pursuant to U.S.S.G. § 4B1.4.

In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court ruled that the ACCA's "residual clause" was unconstitutionally vague. *Johnson*, 135 S.Ct. at 2563. The elements clause and the enumerated offenses clause were unaffected by the Court's ruling. *Id.* at 2563. After *Johnson*, a prior conviction can only qualify as a "violent felony" if it falls within the elements clause or is one of the enumerated offenses. The Supreme Court later clarified that *Johnson* applies retroactively on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016). *Johnson* inspired a flood of litigation, and many defendants obtained sentencing relief. Mr. Olds claims that his prior convictions for burglary, attempted robbery, and aggravated battery on a pregnant person no longer qualify as violent felonies under the ACCA, and that he too is entitled to sentencing relief.

For a prisoner to succeed on his *Johnson* claim, he must show that the residual clause "actually adversely affected the sentence he received." *Beeman v. United States*, 871 F.3d 1215, 1221 (11th Cir. 2017).[1] That is, absent the existence of the

---

[1] Before *Beeman*, the Eleventh Circuit had issued different opinions addressing the movant's burden within days of each other. In *In re Moore*, 830 F.3d 1268, 1272–73 (11th Cir. 2016), a panel of the Eleventh Circuit suggested in dicta that a successive petitioner must prove that the

residual clause, he would not have been sentenced as an armed career criminal. *Id.* To obtain relief, a defendant must establish that (1) the sentencing court relied solely on the residual clause, as opposed to also or solely relying on either the enumerated offenses clause or elements clause to qualify a prior conviction as a felony, and (2) "there were not at least three other prior convictions that could have qualified under either of those two clauses as a violent felony, or as a serious drug offense." *Id.* The question of whether the sentencing court relied on the residual clause is a "historical fact" determined by reference to the state of the law existing at the time of sentencing. *Id.* at 1224 n.5. It is the defendant's burden to show that, more likely than not, the residual clause led to the enhancement of his sentence, and absent clear record evidence, "the party with the burden loses." *Id.* at 1222, 1225.

The instant motion is Mr. Olds' second § 2255 motion. As such he must overcome an additional but related hurdle. Section § 2255(h) provides that a

---

sentencing court relied on the ACCA's residual clause in enhancing his sentence in order to meet his burden of showing entitlement to relief. However, a few days after *Moore* another panel of the Eleventh Circuit suggested a different approach in *In re Chance*, 831 F.3d 1335, 1341–42 (11th Cir. 2016), indicating in dicta that the required showing is not whether the sentencing judge identified the ACCA clause which was used to enhance a sentence, but whether the statute, in that case § 924(c), no longer authorizes the sentence. In *Beeman* the court discarded the approach taken in *In re Chance* and clarified that a § 2255 movant raising a *Johnson* claim must establish that the residual clause actually adversely affected the sentence he received. *See Beeman*, 871 F.3d at 1221–22.

Case Nos.: 3:09cr4/MCR/EMT; 3:16cv276/MCR/EMT

district court may only consider a second or successive motion filed pursuant to § 2255 if the motion is based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. 2255(h). Mr. Olds cannot satisfy these requirements because he has not shown that his ACCA sentence was predicated upon the now-defunct residual clause.

Mr. Olds argues that the principle adopted in *Beeman* sets forth an "impossible standard" for most defendants (ECF No. 68 at 8). Nonetheless, there is no record evidence confirming which clause or clauses of the ACCA the district court relied upon in this case. The PSR, the sentencing transcript, and the statement of reasons are all silent in this regard (ECF No. 38, PSR ¶ 25; ECF No. 45 at 4; ECF No. 33). Therefore, Mr. Olds has not established that the new rule of constitutional law announced in *Johnson* applies to his case.

Additionally, the undersigned notes that examination of the record supports a conclusion that the district court did not rely solely on the ACCA's residual clause

in sentencing Mr. Olds. Mr. Olds does not dispute that his conviction for selling or delivering cocaine (ECF No. 38, PSR ¶ 36) is a "serious drug offense." He challenges the use of his convictions for burglary, attempted robbery, and aggravated battery on a pregnant person as ACCA predicates. However, the court does not find that any of these offenses was deemed an ACCA predicate based solely on the residual clause.

<u>Burglary</u>

In *Descamps v. United States*, 570 U.S. 254 (2013), the Supreme Court held that a sentencing court may not apply the modified categorical approach to sentencing under the ACCA when the crime of which the defendant was convicted has a single, indivisible set of elements, in that case, California burglary. Otherwise stated, in the case of a statute that does not contain "alternative elements," the sentencing court must consider whether the statute defines the crime more broadly than the generic offense. *Descamps*, 570 U.S. at 264–65 (citing *Taylor v. United States*, 495 U.S. 575, 599 (1990)); *see also Mathis v. United States*, 136 S. Ct. 2243, 2247 (2016) (clarifying that a state conviction for one of ACCA's enumerated offenses can only qualify as a violent felony if the "crime of conviction is the same as, or narrower than, the relevant generic offense.").

The Eleventh Circuit has squarely held that *Descamps* is not retroactive for the purposes of a second or successive § 2255 motion because it did not announce a new rule of law, but clarified existing precedent. *Mays v. United States*, 817 F. 3d 728, 734 (11th Cir. 2016); *see also In re Hires*, 825 F. 3d 1297, 1303 (11th Cir. 2016); *In re Griffin*, 823 F. 3d 1350, 1356 (11th Cir. 2016); *In re Thomas*, 823 F. 3d 1345, 1349 (11th Cir. 2016). Perhaps more significantly, "*Johnson* does not serve as a portal to assert a *Descamps* claim." *Hires*, 825 F. 3d at 1303. Thus, *Descamps* cannot be used to "re-litigate whether a prior [predicate offense]" qualifies under the elements or enumerated offenses clauses, and a movant's sentence can be affirmed even if the predicate offenses "would [not] count were [the defendant] being sentenced today." *Hires*, 825 F. 3d at 1303.

Mr. Olds' prior burglary conviction is for "burglary of a structure" (ECF No. 38, PSR ¶ 29). No facts surrounding the burglary are included in the PSR's description of this offense, other than that Olds had planned the burglary during which a vehicle was stolen. At the time of Mr. Olds' sentencing, a generic burglary conviction[2] would have been properly counted as a predicate offense under the

---

[2] In *Taylor v. United States*, 495 U.S. 575, 602 (1990), the Supreme Court held "an offense constitutes 'burglary' for purposes of a § 924(e) sentence enhancement if either its statutory definition substantially corresponds to 'generic' burglary, or the charging paper and jury

Case Nos.: 3:09cr4/MCR/EMT; 3:16cv276/MCR/EMT

enumerated offenses clause as well as under the residual clause. The fact that later precedent clarified burglary was only an ACCA predicate under the now invalidated residual clause "casts very little light, if any," on the historical fact of whether a defendant "was, in fact, sentenced under the residual clause only." *Beeman,* 871 F. 3d at 1224 n.5; *see also Perez v. United States*, 730 F. App'x 804, 808 (11th Cir. 2018) (citing *Beeman*); *Ziglar v. United States,* 757 F. App'x 886 (11th Cir. 2018) (same). It is irrelevant that the burglary conviction would not qualify as a violent felony today in light of *Descamps* and *Mathis,* because neither case provides the basis for a second or successive § 2255 motion. In fact, the Eleventh Circuit has recognized that it is bound to follow *Beeman*, even if a defendant's ACCA sentence would be unconstitutional if the defendant were sentenced today. *See e.g., Hires,* 825 F. 3d at 1303 ("because Hire's convictions qualified [as ACCA predicates] under the elements clause, that settles the matter for *Johnson*, residual clause purposes regardless of whether those convictions would count were Hires being sentenced today."); *Perez,* 730 F. App'x at 810 (recognizing that Perez's sentence is

---

instructions actually required the jury to find all the elements of generic burglary in order to convict the defendant." The Court defined "generic burglary" as "having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Id.* at 599.

Case Nos.: 3:09cr4/MCR/EMT; 3:16cv276/MCR/EMT

unconstitutional, but affirming district court's denial of successive § 2255 motion); *Ziglar*, 757 F. App'x 886 (recognizing that Ziglar would be ineligible for an ACCA sentence if sentenced today).[3]

Therefore, if the sentencing court considered Mr. Olds' prior burglary conviction to be an ACCA predicate pursuant to the enumerated offenses clause, and there is no evidence that it did not do so, a challenge to the use of this conviction as an ACCA predicate is unavailable. Mr. Olds has not met the gatekeeping requirements of § 2255(h).

<u>Robbery</u>

In the Eleventh Circuit's order granting Mr. Olds leave to file a second or successive § 2255 motion, the court opined Mr. Olds had made a prima facie showing that he might be eligible for relief under *Johnson*. It noted that "Olds' conviction for attempted robbery arguably no longer qualifies as a predicate felony after *Johnson* because its status as a predicate offense was based on the residual clause" (citing *United States v. Welch*, 683 F. 3d 1304, 1312–14 (11th Cir. 2012) ("*Welch 2012*")) (ECF No. 62 at 4). Actually, as noted above, the district court did

---

[3] These cases are counter to the Government's earlier concession in cases in this district that defendants whose ACCA sentences were predicated on Florida burglary convictions are entitled to sentencing relief based on *Mathis*. *See, e.g., United States v. Richbourg*, 3:96cr14/LAC/CJK.

Case Nos.: 3:09cr4/MCR/EMT; 3:16cv276/MCR/EMT

not identify the ACCA clause upon which it relied at sentencing, and thus there is no record evidence that it in fact relied on the residual clause.

The record reflects that Mr. Olds was convicted of attempted robbery when he was just sixteen years old (ECF No. 38, PSR ¶ 32). He pled guilty and was sentenced to three and a half years' imprisonment (*id.*). The PSR reflects that the arrest report regarding the arrest for this offense was illegible due to the age of the microfilm (*id.*). Therefore, the PSR includes no description of this offense. Mr. Olds now attempts to contrast binding Eleventh Circuit precedent with which he disagrees, and he maintains that the element of "force, violence, assault, or putting in fear in the Florida robbery statute is overbroad, and thus, [Florida robbery] cannot serve as a predicate ACCA offense" (ECF No. 64 at 6). He further asserts that there is "no binding precedent that holds pre-2000 Florida robbery convictions qualify as violent felonies," and that he "pleaded guilty to robbery at a time when mere snatching sufficed" to sustain a robbery conviction (*id.* at 11).

After the Eleventh Circuit's issued its order, both that court and the Supreme Court clarified and held that Florida robbery categorically has as an element the use, attempted use, or threatened use of physical force against another person. *Stokeling v. United* States, 139 S. Ct. 544 (2019); *United States v. Seabrooks*, 839 F. 3d 1326

(11th Cir. 2016); *United States v. Fritts*, 841 F. 3d 937 (11th Cir. 2016).[4] Later clarification of the law is not dispositive of the "historical facts" regarding what occurred at sentencing. If the sentencing court considered Mr. Olds' attempted robbery conviction to be a crime of violence under the elements clause, and there is no evidence that it did not, the viability of the conviction as an ACCA predicate is undisturbed by *Johnson*, and Mr. Olds has not met the gatekeeping requirements of § 2255(h) as to this conviction.

<u>Aggravated Battery on a Pregnant Person</u>

Mr. Olds' final challenge is to the use of his conviction for aggravated battery on a pregnant person as an ACCA predicate.[5] The sentencing court in this case has previously held that a conviction for aggravated battery on a pregnant person is an ACCA predicate under the elements clause using the modified categorical approach. *See United States v. Lee*, Case 3:17cr63/MCR, 2018 WL 1946926 (N.D. Fla. Apr. 25, 2018).[6] Again, this is not dispositive evidence of what happened in Mr. Olds'

---

[4] Mr. Olds argued in his response (filed before *Stokeling*), that the Eleventh Circuit's opinions in *Seabrooks* and *Fritts* were in error (ECF No. 68 at 1–2).

[5] If the court finds that Mr. Olds' attempted robbery and burglary offenses were ACCA predicate offenses unaffected by *Johnson*, the discussion of this conviction is superfluous because, with his prior drug conviction, Mr. Olds would have the necessary three ACCA predicates.

[6] A direct appeal is pending in this case, Case 18-12082, and it is set for oral argument on May

case. However, absent a clear record statement, it provides circumstantial evidence that the court applied the same analysis.

Additionally, the Government has submitted evidence in support of its position that the conviction was a crime of violence under the elements clause.

The Government's response includes a copy of a judgment dated February 20, 2004, from the First Judicial Circuit, Escambia County Florida, indicating that Mr. Olds was found guilty by a jury of aggravated battery on a pregnant person in violation of "784.045(1)(b) and 784.03(1)(2)" (ECF No. 65-2 at 1). The judgment identifies the degree of crime as a second-degree felony ("F2"), and reflects Mr. Olds was sentenced to a term of 48-months imprisonment (ECF No. 65-2 at 1).

Section 784.03(1)(a), Florida Statutes provides that battery occurs when a person:

1. Actually and intentionally touches or strikes another person against the will of the other; or

2. Intentionally causes bodily harm to another.

§ 784.03(1)(a), Florida Statutes. The first subparagraph is referred to as "intentional touching battery" and the second subparagraph is referred to as "bodily

---

17, 2019.

Case Nos.: 3:09cr4/MCR/EMT; 3:16cv276/MCR/EMT

Page **16** of **20**

harm battery." *See State v. Weaver*, 957 So. 2d 586, 587-88 (Fla. 2007).   A person who commits battery under either of these sections is guilty only of a misdemeanor, except if the person has a prior conviction for battery, aggravated battery, or felony battery.   § 784.03(1)(b) and (2), Fla. Stat.   Mr. Olds' judgment reflects both § 784.03(1) and (2), but does not expressly identify whether the conviction was for "intentional touching battery" or "bodily harm battery."

Section 784.045(1)(b), Florida Statutes, provides that "[a] person commits aggravated battery if the person who was the victim of the battery was pregnant at the time of the offense and the offender knew or should have known that the victim was pregnant."   § 784.045(1)(b), Fla. Stat.   The statute does not specify whether it applies to intentional touching battery, bodily harm battery, or both.   Subsection (1)(a) provides that a person commits aggravated battery if, in committing battery, the person "intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement;" or uses a deadly weapon.   § 784.045(a)1. and 2, Fla. Stat.

The Government argues that the Florida battery statute is divisible, and that while "intentional touching battery" is not a violent felony, "bodily harm battery"

qualifies as a violent felony under the elements clause.[7]  Because, it argues, Mr. Olds was convicted of "bodily harm battery," his conviction for aggravated battery on a pregnant woman was and is an ACCA predicate under the elements clause.  As proof that Mr. Olds was convicted of "bodily harm battery," the Government urges the court to rely on the unobjected-to facts set forth in the PSR, which states in relevant part as follows[8]:

> [The victim] stated that she and Olds engaged in a verbal fight which turned violent.  The victim stated Olds physically threw her to the floor and began beating on the back of her head.  [The victim] showed the deputy the knots on the back of her head and stated she suffered these knots after Olds beat her.  [The victim] also informed the deputy that she was four months pregnant.  [The victim] stated that while Olds was beating her in the head he said, "I hope the baby dies."  The victim also stated the incident occurred in front of their 3 year old daughter.

(ECF No. 38, PSR ¶ 47).  Mr. Olds' detailed objections did not address this factual description which certainly indicates bodily harm rather than mere touching (ECF No. 65-3 at 1–2).

---

[7] This is the same conclusion reached by the district court in *Lee* after a comprehensive analysis.  *See United States v. Lee*, 2018 WL 1946926, at *5.

[8] The parties disagree as to whether these "facts" can be considered.  The Government takes the position that the court may rely upon unobjected-to descriptions in the PSR to determine whether an offense was a violent felony.  *United States v. Braun*, 801 F. 3d 1301, 1305 (11th Cir. 2015).  Mr. Olds maintains that this precedent is in error (ECF No. 68 at 6).

Case Nos.: 3:09cr4/MCR/EMT; 3:16cv276/MCR/EMT

Mr. Olds argues in his response that because the basic Florida "bodily harm" statute is a misdemeanor absent a prior conviction, a conviction under the statute could never be a violent felony, because it is not a felony at all (ECF No. 68 at 5). Therefore, it cannot be "categorically" a violent felony. He further argues that the felony designation was not a reflection of the level of force used, but rather the victim's pregnancy (*id*.) Finally, he argues that precedent allowing courts to rely upon unobjected to descriptions in the PSR to determine whether an offense was a violent felony "is in error" (ECF No. 68 at 6).

Again, in light of the silent record, Mr. Olds has not met his burden under *Beeman* of showing that the sentencing court relied on the residual clause of the ACCA to classify his conviction for aggravated battery on a pregnant person as an ACCA predicate. He has not met the gatekeeping requirements of § 2255(h) to challenge the court's use of this conviction as an ACCA predicate.

## Conclusion

Based on the foregoing, the undersigned concludes that Mr. Olds has not satisfied the stringent gatekeeping requirement for the filing of a second or successive § 2255 motion. Therefore, this court lacks jurisdiction over the merits of Mr. Olds' second § 2255 motion, and it must be dismissed.

Case Nos.: 3:09cr4/MCR/EMT; 3:16cv276/MCR/EMT

Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2255 Cases.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Case Nos.: 3:09cr4/MCR/EMT; 3:16cv276/MCR/EMT

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1.   The Motion to Correct Sentence under 28 U.S.C. § 2255 (ECF No. 63) be **DISMISSED** for lack of jurisdiction under 28 U.S.C. § 2255(h).

2.   A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 23rd day of April 2019.


*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.


Case Nos.: 3:09cr4/MCR/EMT; 3:16cv276/MCR/EMT